UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

                Plaintiff

Case No._____

v.

Hon. _____

ERIN E. MIDDLESWARTH, DAWN S. KLEE
AS TRUSTEE OF THE ROBERT C. GRAHAM
AND CHRISTINE J. GRAHAM TRUST
DATED MAY 22, 2002 AND AS AMENDED,
DAWN S. KLEE AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
CHRISTINE J. GRAHAM, DAWN S. KLEE
INDIVIDUALLY, KELLY C. GRAHAM,
ROBYN C. GRAHAM-JAGHAB A/K/A
ROBYN C. HEATH, AND
MATTHEW MIDDLESWARTH,

                Defendants.
_____/

DAVID M. DAVIS (P24006)
JOHN M. BOYDA (P39268)
Attorneys for Plaintiff MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Avenue, Suite 450
Birmingham, Michigan 48009
(248) 645-0800
dmd@hardylewis.com
_____/

## COMPLAINT IN INTERPLEADER

Interpleader-Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Hardy, Lewis & Page, P.C., for its Complaint in Interpleader states:

### NATURE OF THE ACTION

This action arises regarding conflicting claims by potential beneficiaries for life insurance benefits in the amount of ONE HUNDRED THOUSAND and 00/100

DOLLARS ($100,000.00) (the "Plan Benefits") payable under the General Motors Group Life and Disability Benefits Program (the "Plan") by reason of the death of the Plan participant Christine J. Graham (the "Decedent"). MetLife seeks to deposit the Plan Benefits of the Decedent into the Registry of the Court and allow the Court to decide how they should be disbursed.

## PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of Michigan.

2. Upon information and belief, Defendant Erin E. Middleswarth is the daughter of Christine J. Graham (the "Decedent"), and she resides in Lansing, Michigan.

3. Upon information and belief, Defendant Dawn S. Klee is the daughter of the Decedent and the Trustee of the Robert C. Graham and Christine J. Graham Trust Dated May 22, 2002, and as Amended, and the Personal Representative of the Estate of Christine J. Graham, and she resides in Eaton Rapids, Michigan.

4. Upon information and belief, Kelly C. Graham is the daughter of the Decedent, and she resides in Leslie, Michigan.

5. Upon information and belief, Robyn C. Graham-Jaghab a/k/a Robyn C. Heath is the daughter of the Decedent, and she resides in North Port, Florida.

6. Upon information and belief, Matthew Middleswarth is the son-in-law of the Decedent, and he resides in Lansing, Michigan.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction of this action pursuant to 29 U.S.C. §

2

1132(e) (1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. This Court also has original jurisdiction pursuant 28 U.S.C. § 1335,because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500.00.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because an adverse claimant resides in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9. The Decedent was a retiree of General Motors ("General Motors") and had life insurance coverage as a participant under the General Motors Group Life and Disability Benefits Program (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors and funded by a group life insurance policy issued by MetLife.

10. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

11. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

12. The Summary Plan Description establishes at page 72 the right of the

3

Plan Participant to name his or her beneficiary as follows:

> You may change your beneficiary designation at any time. You may name any individual (or individuals) you wish as your beneficiary (or beneficiaries) for Basic Life Insurance, Optional Life Insurance and Personal Accident Insurance.

A true and correct copy of page 72 of the Summary Plan Description is attached hereto as Exhibit A.

13. The Certificate of Insurance establishes on page 30 the right of the Plan participant to name his or her beneficiary as follows:

### 1. YOUR Beneficiary

The "Beneficiary" is the person or persons YOU choose to receive any benefit payable because of YOUR death.
YOU make YOUR choice in writing on a form approved by us. This form must be filed with the records for THIS PLAN.
YOU may change the Beneficiary at any time by filing a new form with us. YOU do not need the consent of the Beneficiary to make a change. When we receive a form changing the Beneficiary, the change will take effect as of the date YOU signed it. The change of Beneficiary will take effect even if YOU are not alive when it is received, provided such change of beneficiary is received prior to the payment of benefits.
Any beneficiary designation made for Basic Life Benefits will also apply to ACCIDENTAL DEATH Benefits.
If YOU did not designate a Beneficiary for Optional Life Benefits under Group Policy No. 23600-G, YOUR Beneficiary for all or part of the amount of Optional Life Benefits payable because of YOUR death will be the Beneficiary YOU last designated for Basic Life Benefits under Group Policy No. 14000-G.
A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by us.

### 2. More Than One Beneficiary
If, when YOU die, more than one person is YOUR Beneficiary, they will share in the benefits equally, unless YOU have chosen otherwise.

### 3. Death of a Beneficiary
A person's rights as a Beneficiary end if:
   (a) that person dies before YOUR death occurs; or
   (b) that person dies at the same time YOUR death occurs or within 24 hours of YOUR death, unless YOU filed a Designation of Beneficiary form with us that included a common disaster section and YOU provided otherwise in that section.

The share for that person will be divided among the surviving persons YOU have named as Beneficiary, unless YOU have chosen otherwise.

4

**4. No Beneficiary at YOUR Death**

If there is no Beneficiary at YOUR death for any amount of benefits payable because of YOUR death, that amount will be paid to YOUR estate. However, we may instead, at our discretion, pay all or part of that amount, generally in the following order, to one or more of the following persons who are related to YOU and who survive YOU:

**(a)** spouse;
**(b)** child(ren);
**(c)** parent(s).

Any payment will discharge our liability for the amount so paid. A true and correct copy page 30 of the Certificate of Insurance is attached hereto as Exhibit B.

14. The most recent beneficiary designation on file with the Plan was completed online and is dated October 24, 2011, and designates Erin E. Middleswarth as the sole primary beneficiary. A true and correct copy of the October 24, 2011, Beneficiary Designation is attached hereto as Exhibit C.

15. The next prior beneficiary designation on file with the Plan was completed online and is dated September 15, 2011, and designates Erin E. Middleswarth and Matthew Middleswarth as co-equal primary beneficiaries with each to receive 50% of the Plan Benefits. A true and correct copy of the September 15, 2011, Beneficiary Designation is attached hereto as Exhibit D.

16. The next prior beneficiary designation on file with the Plan was completed online and is dated June 30, 2011, and designates Erin E. Middleswarth as a 50% primary beneficiary, Robyn C. Heath a/k/a Robyn C. Graham-Jaghab as a 20% primary beneficiary, Kelly C. Graham as a 15% primary beneficiary, and Dawn S. Klee as a 15% primary beneficiary. A true and correct copy of the June 30, 2011, Beneficiary Designation is attached as Exhibit E.

17. The next prior beneficiary designation on file with the Plan was completed online and is dated May 31, 2011, and designates Erin E. Middleswarth as a

50% primary beneficiary, Robyn C. Heath a/k/a Robyn C. Graham-Jaghab as a 20% primary beneficiary, Kelly C. Graham as a 15% primary beneficiary, and Dawn S. Klee as a 15% primary beneficiary. A true and correct copy of the May 31, 2011, Beneficiary Designation is attached as Exhibit F.

18. The next prior beneficiary designation on file with the Plan was completed online and is dated June 7, 2010, and designates the Robert C. Graham and Christine J. Graham Trust Dated May 22, 2002, as the sole primary beneficiary. A true and correct copy of the Beneficiary History List is attached hereto as Exhibit G.

19. The Decedent died on June 5, 2016. A true and correct copy of the death certificate for the Decedent is attached hereto as Exhibit H.

20. At the time of her death, the Decedent was enrolled under the Plan for Life Insurance coverage in the amount of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

21. In a letter dated June 23, 2016, to MetLife, Dawn S. Klee – successor trustee, stated that she was initiating a rival claim for the Decedent's life insurance benefits and she asserted that the Plan Benefits should be paid to the "Robert C. Graham and Christine J. Graham Trust Dated May 22, 2002, as amended and restated on May 29, 2016." A true and correct copy of Dawn Klee's letter as successor trustee is attached hereto as Exhibit I.

22. Erin E. Middleswarth completed a claim form for the Decedent's life insurance benefits on June 30, 2016. A true and correct copy of the claim form submitted

6

by Erin E. Middleswarth is attached hereto as Exhibit J.

23. In a letter dated July 14, 2016, to MetLife, attorney Kristen R. Gross stated that she was representing Dawn Klee in her capacity as trustee of the Robert C. Graham and Christine J. Graham Revocable Living Trust and as the nominated personal representative of the estate of Christine J. Graham and she provided several bases for their objections to the Plan Benefits being paid to another designated beneficiary (i.e., Erin E. Middleswarth). A true and correct copy of the letter dated July 14, 2016, from Kristen R. Gross is attached hereto as Exhibit K.

24. By letters dated July 21, 2016; July 26, 2016; August 8, 2016; August 10, 2016; and September 22, 2016, and attachments thereto, attorney Kristen R. Gross submitted various documents to MetLife relating to her client's claim for the Plan Benefits. A true and correct copy of the letters with attachments is attached as Exhibit L.

25. Dawn S. Klee submitted a Claimant's Affidavit for the Plan Benefits dated July 27, 2016, as the daughter of the Decedent and as the trustee of the Decedent's trust and the personal representative of the Decedent's estate. A true and correct copy of the Claimant's Affidavit is attached hereto as Exhibit M.

26. If a court were to determine that the October 24, 2011, Beneficiary Designation is valid, then the Plan Benefits would be payable to Erin E. Middleswarth.

27. If a court were to determine that the October 24, 2016, Beneficiary Designation is invalid for any reason, then the Plan Benefits would be payable to Erin E. Middleswarth and Matthew Middleswarth as co-equal primary beneficiaries based upon the September 15, 2011, Beneficiary Designation.

28. If a court were to determine that both the October 24, 2011, Beneficiary

7

Designation and the September 15, 2011, Beneficiary Designation are both invalid for any reason, then the Plan Benefits would be payable to Erin E. Middleswarth as a 50% primary beneficiary, Robyn C. Heath a/k/a Robyn C. Graham-Jaghab as a 20% primary beneficiary, Kelly C. Graham as a 15% primary beneficiary, and Dawn S. Klee as a 15% primary beneficiary pursuant to the June 30, 2011, Beneficiary Designation.

29. If a court were to determine that the October 24, 2011, Beneficiary Designation and the September 15, 2011, Beneficiary Designation and the June 30, 2011, Beneficiary Designation are all invalid for any reason, then the Plan Benefits would be payable to Erin E. Middleswarth as a 50% primary beneficiary, Robyn C. Heath a/k/a Robyn C. Graham-Jaghab as a 20% primary beneficiary, Kelly C. Graham as a 15% primary beneficiary, and Dawn S. Klee as a 15% primary beneficiary pursuant to the May 31, 2011, Beneficiary Designation.

30. If a court were to determine that the October 24, 2011, Beneficiary Designation and the September 15, 2011, Beneficiary Designation and the June 30, 2011, Beneficiary Designation and the May 31, 2011, Beneficiary Designation are all invalid for any reason, then the Plan Benefits would be payable to the Robert C. Graham and Christine J. Graham Trust Dated May 22, 2002, as Amended, pursuant to the June 7, 2010, Beneficiary Designation.

31. If a court were to determine that the October 24, 2011, Beneficiary Designation and the September 15, 2011, Beneficiary Designation and the June 30, 2011, Beneficiary Designation and the May 31, 2011, Beneficiary Designation and the June 7, 2010, Beneficiary Designation are all invalid for any reason, then the Plan Benefits would be payable in equal shares to Erin E. Middleswarth, Dawn S. Klee, Kelly C.

8

Graham, and Robyn C. Graham-Jaghab a/k/a Robyn C. Heath pursuant to the Plan's facility of payment provision because they are the children of the Decedent and the Decedent's spouse predeceased her.

32. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan and General Motors to multiple claims and liabilities.

33. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

34. MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

35. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the Court:

(i) Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, General Motors, or the Plan for recovery of the Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii) Permit MetLife to pay into the registry of the court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with

9

prejudice from this action, and discharge MetLife, General Motors, and the Plan from any further liability upon payment of the Plan Benefits into the registry of this court, or as otherwise directed by this court;

(iv)  Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

By: s/ David M. Davis
David M. Davis (P24006)
Attorneys for Plaintiff MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave. Suite 450
Birmingham, MI 48009
Tel: 248-645-0800
dmd@hardylewis.com

Dated: March 28, 2017